The Fourth District Appellate Court of the State of Illinois has reconvened. The Honorable Robert J. Stagman presiding. Thank you, Mr. Bailiff. The next case is 425-0004, in rank D.J. I'd ask counsel for the appellate, please identify yourself for the record. Good afternoon, your honor, sir, Lucy. Thank you, counsel. And counsel for the appellate. Good afternoon, Courtney O'Connor. Thank you. Ms. Lucy, on behalf of the appellate, you may proceed. Thank you. Good afternoon, and may it please the court. Counsel, my name is Sarah Lucy from the Office of the State Appellate Defender, and I represent the minor D.J. in this case. The court committed two errors after it found D.J. guilty in this matter. The first is that it asserted an overly broad probation condition that will leave D.J. walking on eggshells for the next two years. And the second, it failed to vacate his conviction for battery when the state failed to apportion or argue any separate conduct for that offense. To my first argument, the Illinois Supreme Court has issued the rule that reasonableness is the linchpin for whether a probation condition is constitutional and enforceable. Counsel, excuse me. Let me, I wanted to just get some clarification. Is my understanding correct that you're arguing on appeal that both that this was plain error and also ineffective assistance of counsel? Correct, Your Honor. Second prong, plain error and ineffective assistance of counsel. And with regard to the probationary condition that you argue is overbroad, is it your position that counsel was ineffective because counsel didn't question or challenge in any way the imposition of that condition when the court imposed it? Correct, Your Honor. I think it would have been obvious, even at the time that it was imposed, that it was overly broad. The fact that it was minors, excuse me, Your Honor, minors of any age, rather than a specific subset of minors, when at the same time the court was imposing that D.J. also had to continue going to school, which in his case, he's a junior in high school, so his classmates will, the vast majority, I'm sure, be under the age of 18. And also instructing him to go to a juvenile sex offender treatment class called Thinking for Change. Again, by definition of being a juvenile sex offender treatment class, he will come into contact with other minors. I have a question. Is my understanding correct that you are arguing, I think in your reply brief, that joining with the state that this court should file the non-binding precedent, NNL, where we upheld a provincial condition that the minor have no unsupervised contact with minors under the age of 13? Yes, Your Honor, and I do recognize that that was not published previously, previous to the 2021 rule change. However, I do acknowledge that as the state raised in its response brief, it is rather on point in this case. The key difference, of course, being that there was the restriction of under 13, whereas here there is no under 13 narrowing. Had the trial court, in imposing its condition of probation, used the phrase no unsupervised contact with anyone under 13, then there would be no problem? In this case, I don't believe that there would be a problem. I believe that under 13 should eliminate anyone who's not in high school with him. I guess I'm not specifically sure if there's anyone under 18 in the thinking for change group, but I would imagine that in this case, under the age of 13, would have made it from unreasonable to reasonable probation condition. All of the cases you discuss, except NL, regarding the reasonableness of probation conditions, are various crimes of not sex offenses. Let's put it that way. Is that correct? Correct, Your Honor. Aren't sex offenses different as far as the court is concerned when imposing conditions of probation? Isn't the reason to believe that additional conditions of probation, governing or restricting a sex offender might be appropriate as opposed to someone convicted of armed robbery or aggravated battery? Certainly, I would agree that different probation conditions are necessary, but I think what makes these cases so similar to the gang provision, which are really what I cited to in my briefing, is the word contact. As the court in KM pointed out, contact is so different. As this court also acknowledged in Hammonds, contact and association are two very different principles. One can choose their associates. It involves some more deeper getting to know someone and making that conscientious decision to interact with them. Whereas contact, it can be innocuous. It can be in passing. It can be done without even the knowledge that one has violated their probation. If, for instance, he's at the checkout line at a grocery store, he doesn't really know if the person swiping his credit card is 18 or 17. The language that you're talking about as being improper was the same language used in NL. The respondent argued the trial court erred in imposing the probation condition that prohibits his unsupervised contact with minors in the age of 13 because it impacts his right of association. He also contends it's overly broad because the trial court did not identify any common sense exceptions to the conditions. That's contact, counsel. That's what, and this court explicitly approved it in that case. For minors under the age of 18, I think that it's much different to be able to say, well, essentially don't talk to children is kind of a rule that everyone follows. I don't think many of us are wandering around talking to children that we don't know. Talking to any minor when you yourself are going to high school and going to these sex offender registration classes, it's a whole different ballpark. I understand that the difference may seem minor. It's only the question of a few words under the age of 13. And yet the practical difference for DJ's life, it would be night and day. He's left, as the court said in KM, walking on eggshells. If I may, kind of two questions, but I'll start with this. Why can't the respondent simply go back to juvenile court and ask for the condition to be modified there? Well, Your Honor, he could.  Unfortunately, in this case, we have no indication that that would be successful. If this court fails to rule or declines to rule on this case, the trial court may take it as implicit acceptance that the probation condition is valid and decide that it does not need to make that modification. And if so, DJ will be stuck unless his probation is later revoked, in which case he can then file another notice of appeal. If the trial court says no, that's the end of the story. He's not able to file a post-conviction petition. He's not able to file a notice of appeal after his modification is denied. What if the condition of probation had said no contact with children under 15? Would that have been appropriate? 15 would have been difficult, Your Honor. I think that certainly, and let me quickly say, of course, the Illinois Supreme Court's rule is reasonableness. So I cannot speak to every case that comes down in the future. I can only speak to this case. I think 15 might not have passed the reasonableness test. Again, like I said, he is in high school. Do you think it would be a close question? I apologize, Your Honor. May you repeat the question?  On 15, I don't think it would be a close question. I don't think it would be reasonable. Again, because so many high school classes are of mixed age groups, because so many bus stops don't differentiate between, you know, where the freshmen versus the seniors go. I think the reason that 13 is a good delineation, not that I'm trying to create a bright line rule of 13, but I think why 13 in this case is reasonable is because generally speaking, 13-year-olds are still in middle school and would not be attending his high school and probably would not be attending thinking for change classes. Another question about this. One of the differences between sex offenders and someone who's committed aggravated battery or the like is we have evaluations in here, psychosexual evaluations and other evaluations of your client. It doesn't come out so good. These evaluations suggest if I'm the trial judge that this guy's got problems and problems along the lines of committing sex offenses and that it would be a good idea to keep them from having any unsupervised conduct with any minors. Why is that not a reasonable view by the trial judge's part? Because, Your Honor, the goal of juvenile delinquency cases is to rehabilitate even more so than in adult cases. Not to protect the society or kids against the trepidations of sex offenders? Absolutely. The two goals must be balanced, but I don't think- So why wouldn't it be appropriate to say we don't want this kid with these sexual problems as revealed in these studies to have any unsupervised contact with minors, period? Why is that unreasonable? Because there's no danger that he would pose to somebody who is, say, 17 years old and 364 days. His male peer of basically his own or older age simply saying hello to that person at the bus stop, that is not something that is protecting the public. If he wants to go to the movies with a friend, if he wants to sit next to a friend in a park, he cannot do that under these probation conditions. And that completely destroys any potential for rehabilitation when his probation is creating an outcast and social pariah situation. Well, your position seems to be that not only would that not be reasonable, but as you argue, this error is so serious that it affected the fairness of defendant's trial and challenged the integrity of the judicial process, which is second-pronged plain error. And also quoting from your brief, where you quote from the Supreme Court, you said, obtaining review under the second prong of the plain error rules, indeed a high hurdle as the second prong is only implemented in those exceptional circumstances where despite the absence of objection, application of the rules necessary to preserve the integrity and reputation of the judicial process. So by saying regarding this sex offender, we don't want any unsupervised contact with any minors, that's a decision of the court, which is so objectionable that needs to be overturned because in order to preserve the integrity and reputation of the judicial process, is that your argument? It is my argument, Your Honor, because as I said earlier, in response to Justice Lannert's question, in this case, he cannot simply go back and hope for a different result. He is not able as an adult would be able to file a post-conviction petition. He would not be eligible until after he's already been severely punished for violating this unconstitutional probation condition to ask this court for any relief. I believe that does throw the judicial process into disrepute when someone is subjected to the capricious whims of a probation officer who might violate him for saying hello to a classmate, might not violate him. This probation condition- Do you think that's a real concern? Some prosecutor is going to file a petition to revoke based upon that, and some judge is going to say, I agree and revoke his probation. That's what you're arguing to us? Unfortunately, Your Honor, it absolutely can happen in our Cienega. That is exactly what happened to a parolee who simply got a job working along ex-convicts. His case went all the way up to the United States Supreme case. But even if this court believed that that was, as my law school professor would have called it, a parade of horribles, that his probation would be revoked, a trial court would affirm it. This court frequently deals with a parade of horribles when people, unfortunately, bless you, Your Honor, don't do their jobs correctly. It's not true, by the way, unsupervised. No unsupervised contact. Is it your position that being in school, the defendant being in school and other people, that doesn't count as supervised contact? Well, Your Honor, supervised is not defined, unfortunately, and so that would, again, be left up to the capricious will of whoever is in charge of- Well, you tell me. Is being in school supervised contact? I would think that being in a classroom with a teacher present would be supervised, but if that teacher stepped out for any reason, I think that would be unsupervised. The children- Would they have a petition filed to revoke probation, and a judge agreeing with that, too? But it doesn't have to go all the way to the judge, Your Honor. Actually, as the state pointed out in its brief, there are things called intermediate sanctions, where the probation officer doesn't even have to present why it is giving him a punishment before a trial court. It can all happen within the office of the probation officer, where he gives him sanction after sanction after sanction, and no court ever reviews it. That would not be appealable. That would not be on the record. I mean, it would be in his probation record if anyone cared to look at it, but it would not be something that this court could review. So, in fact, we wouldn't necessarily know how often he was punished. So, you're arguing here second-pronged, plain error. So, what you have to be arguing to us is this condition, no unsupervised contact with minors is sufficiently unclear and bad that if left to stand, it's so serious that it challenges the integrity of the judicial process and the reputation of judicial process. You're really making that argument to us that that's second-pronged, plain error? That's what the Illinois Supreme Court and the U.S. Supreme Court meant by preserving the integrity of the judicial process? Yes, Your Honor. It meant to protect children from the capricious whims of parole officers. I think it says that in U.S. v. Stevens. I think that is absolutely inappropriate use. And I also think that this squarely falls under ineffective assistance of counsel. Counsel did not object, therefore left this issue up to be decided by this court rather than simply bringing it to the trial court's attention so that we would know whether or not the trial court was amenable to adjusting this probation condition, to go back to what Justice Lanard said earlier. And Justice Lanard, I apologize. You said you had two questions and I only asked, and I only responded to one. The second, Your Honor? Actually, I want to make sure Justice Stegman is finished with his line of inquiry, but then I do want to jump into the one act, one crime arguments. The trial court found respondent guilty of the battery for touching L.R.'s arm after he had climbed into L.R.'s bed uninvited. Did you make any specific argument that that did not constitute a battery? Your Honor, it could. In another case, if the state had written the charging instrument a different way, if it had apportioned out each touching, so here's count one, this is penis to buttocks. Here's count two, it is finger to vagina. Here's count three. It's his hand touching her arm, shoulder, hip. It was unclear from the testimony. That could have been a separate charge for battery. But what the state made very clear during its closing argument, when it said the state would argue that this kind of contact, which referred to the previous sentence, which was, again, penis to buttocks and finger to vagina contact, this kind of contact is inherently insulting and provoking. So while class or charge three could have been a separate and distinct offense, in this case, because of the way that the state apportioned the charging instrument and argued at closing arguments, it is not sufficient for- Because despite that argument and because of how they charged that battery count, I guess, why couldn't the juvenile court look at the evidence and determine that the battery occurred when respondent touched Ella's arm after climbing into her bed uninvited? Your Honor, that simply would not put D.J. on sufficient notice that that is what he was- Well, but you're responding to a comment in closing argument though, right? So why can't the trial court look at all the evidence and make that determination? Because the defendant needs to be put on notice of what it's defending against. And certainly the state made it clear, again, in its charging document. And while this particular comment wasn't closing, at no point during the trial did it put D.J. on notice that, oh, by the way, you need to be defending yourself against touching an arm. This is not something that the state can now change its argument on appeal and decide that it wishes to argue something that it did not argue at trial. This is something that does not put D.J. on notice in advance that he needs to be prepared to defend himself. And so while I do agree that the state could have charged this differently and could have had sufficient evidence for a battery, it did not give D.J. the amount of notice necessary and did not argue that theory below, which simply is not something that the state can cure on appeal. Ms. Lucey, I've asked you a lot of questions and I commend you because you've answered them very well and forthrightly. And that's something we don't often hear, so good for you. But because of all the questions I've asked and your time is about up, I'm going to give you extra time because I want to make sure you have had the opportunity to make those points you think this court should hear during your argument. So you may go ahead now. Your Honor, it's an opportunity I've never gotten before and I find myself rather stymied. Well, you don't have to. You're going to get a chance to address this again in rebuttal, but I just, if there was something in particular that you wanted to mention now, I was going to give you a chance. Thank you, Your Honor. I would simply comment again, if I may, that this is leading to, excuse me, I'm going very briefly to argument one and then if I may make a brief statement to argument two. This is noblesse oblige at its finest by allowing our probation officers to decide when and how much punishment a juvenile will receive, even though that person should not be in charge of making those decisions, that is best left to the trial court. And in this case, the trial court needs a little guidance from this court to modify this probation condition, which this court is free to do on either under the second prong of plain error or ineffective assistance of counsel. And I believe, Your Honor, I'd simply be repeating myself to the second argument where this is not a portion of the offense of touching our- Well, you'll have a chance to address this again in rebuttal. So thank you, counsel. Ms. O'Connor, you may make your argument. May I have my appellee? Thank you. May it please the court, counsel. I think the state would first address that the respondent has forfeited these issues on appeal as the court has discussed already, the plain error analysis. In this case, for one, if you follow, this court's holding in Peel v. Hammonds, the same kind of situation. Respondent here has the right to request to modify his probation and to not take that right whatsoever, to go to his probation officer, request this modification and go from there. And that court found that when a respondent fails to do this- May, is that an awful lot for us to expect, though, with a juvenile individual? I don't think it is. On this case, I really don't think it is. I think this is a 17-year-old who has the capabilities to go to his probation officer and maybe he doesn't know right away to request, but even to bring up his concerns, there's nothing in the record that shows he has any concerns regarding this probation condition. And so, counsel, as we look at the conditions, they do seem to be somewhat inherently at odds. He is to attend school, correct? And as Justice Steigman pointed out, there's no definition here for us as to what constitutes supervised versus unsupervised contact. So if we say he must attend school and the teacher leaves the classroom or he leaves the classroom and just goes through the hallway to his next class, I mean, there's nothing for us to review as to whether or not that counts. We've discussed with Justice Steigman, and you can follow up with that on any issues, related to whether or not a probation officer may or may not impose sanctions, but at least is something we can consider. But likewise, I mean, is contact anything through social media? If a group is supposed to get together and work on a group project and they're emailing each other, I mean, he's in high school and this offense occurred against an eight-year-old. How do you respond to Ms. Lucy's suggestion that had the court simply made this a little narrower, even with no contact under the age of 13, that that's not more reasonable than the situation that we have here? Because this does seem to me a very broad provision that seems somewhat inherently at conflict with the idea he has to also attend school. The state's response would be that based on throughout this case, respondents' behaviors and attitudes that you can see throughout the social investigation report. He fails to show age-appropriate problem-solving skills, fails to show age-appropriate social skills. He on a regular basis has impulsive behaviors. So what is to say that if he somehow ends up in this unsupervised situation with a minor that these impulsive behaviors might not put this other minor at risk? And as this 17-year-old committed these crimes and put himself in this position to have these probation conditions, he's the one who should be taking the responsibility to make sure he's not unsupervised. And if he's having issues with that, he should be the one going to his probation officer and saying, hey, I'm getting caught in situations where I'm scared or concerned that this is a violation of my probation. What are the steps we can take for me not to have sanctions? Why would a condition that says he cannot associate, or even if we want to say the broader term of no contact with someone under 13, not be sufficient? Because he's in high school with peers older than 13 years old. And it's that impulsive behavior on a regular basis that is a concern to the state. And that's in his social investigation report and that he is not taking responsibility for his actions. He's not recognized his problem behaviors throughout this whole entire case. And that's a concern, even if it's with somebody above the age of the victim, in this case, eight-year-old. What are you going to do with him in PE class? Is he permitted to take a shower? What are you going to do with him? Ms. Lannert asked you, Justice Lannert asked you before by group projects. They're not supervised. Boys locker rooms aren't supervised. There's the pretense that a coach or a teacher may be somewhere around, but that isn't true. And any field trips, they're not... I mean, how closely can you supervise a whole group? You can't. Now, so does he have to self-identify as a sex offender and tell the people at school, I can't take a shower. I can't go to PE because we'd have physical contact with one another if we were engaging in a sport. I can't do group projects unless they're in the classroom with the teacher looking at me. How is a maladjusted young man supposed to do that? We're already conceding he has issues and judgment problems, which, you know, those are his problems to deal with. You're right. But when the judge says, well, you can't have any contact, but of course you have to go to school. To me, those are antithetical. And I think probably the judge wasn't thinking. He was thinking contact would mean you're trying to hang around with younger children at a playground versus going to high school. But he's not recognizing the amount of contact that occurs in a high school setting. Yes, Rob, thank you for your inquiry. And I think the state would just go back to the fact that he does have a right to request a modification of his probation condition. He has that right. Which only his lawyer would know about. How is he supposed to be smart enough to know what... I mean, we know he's got deficits. So he's supposed to discern what contact means and how he's supposed to conduct himself going to school. That was his lawyer's job. That's correct, John. But he also has a probation officer now that he speaks to without an attorney there. And he can speak to his concerns. He can speak to, I'm having these issues. I'm having these concerns. Is there a way we can modify this so I'm not caught in a situation where I have unsupervised contact that as of right now would violate my probation? However, he has not taken any of those steps to have that conversation before bringing it to this court. Does that answer your question, Your Honor? Yes, yes. Thank you. How do you counsel what Ms. Lucy raised that there could be situations though wherein there are intermediate sanctions imposed that never get before the court? And her arguments that in essence, by taking this path, it at least allows this provision to be reviewed. Whereas if he goes about it through another mechanism and it's denied, he may not have a remedy for that to be considered. Your Honor, I think, again, I would just... I understand the immediate sanctions, but there's also ways that... The state's position is that he's put himself in this position where this has happened. And these conditions are reasonable and necessary in our opinion. And in order for there not to be numerous sanctions and for him to foster this rehabilitation within the two years probation, he needs to make sure he takes these steps for there not to be sanctions, for there's not to be a violation of probation. And he's not... From what the record indicates to the court, there's nothing in there that he has spoken about any concerns or that the probation officer is aware of any of this. So we consider the goal of rehabilitation. The idea from what the trial court presented is this individual is to attend school and never be alone, always be with a teacher and have no contact whatsoever with his peers. And that isolating process will help make the individual a better probability of being rehabilitated? I think the condition will help the individual take responsibility for his actions and foster the... Yes, I think it will foster rehabilitation. And I think it's not so isolating... Contact under this... Or I'm sorry, what is supervision under this order? What does that mean under the trial court's order? As counsel pointed out, there's not a definition for supervision or unsupervised. The state would argue that there's... Like you guys, the judges have brought up, there's situations where teachers are typically in the classroom. This is not just about teachers either. I think that as myself going to high school, there was situations where there was supervision at all times. And I think, again, as the state would go back to its argument, it's upon the respondent here to take responsibility for his actions and those steps to ensure these situations do not happen. He is the adjudicated delinquent on probation for two years due to his actions. And I think that... We agree with you, counsel, that his actions have him in this position. It's just from the standpoint of evaluating whether these two provisions are inherently in conflict. So I do want you to have the opportunity to also argue the one act, one crime issue. And I presented this question to Ms. Lucy and would like your response as well with regards to the battery charge. So the state would argue that the touching of the arm was presented through the victim's testimony. It was a little unclear if it was the arm, if it was the shoulder, if it was the waist. Regardless, the victim testified that the respondent got into her bed behind her, was breathing heavily in her ear and touched one of these parts of her body. That was presented through the evidence. That's evidence the trial court considered and the state would argue that's sufficient to qualify as insulting or provoking contact that the minor does not want and it's in an undesired fashion. And so your position is that how the nature of the charge was sufficient to put the defendant on notice? I would. I believe that an arm is on or about the body in the state's argument. Yes. Thank you. Yes. Is there any other questions? All right. So if there's any other issue, the state would stand on its brief in this case. And I would like to address the NL case, although it was published prior to 2021, it is very, very close to the facts and circumstances in this case. And although obviously it's prior to the rule 23, the state would still ask to taking consideration the analysis in that case. As such, this court, the state would ask this court to affirm the delinquency findings and find that the probation condition was reasonable. Thank you. Thank you, counsel. Ms. Moosey, you may this time. Thank you, your honor. Briefly, my respected colleague, Ms. O'Connor pointed out that there's nothing in the record that DJ has spoken with his probation officer about these conditions. I would respectfully point out that the record actually concludes with him receiving these conditions. Counsel didn't file any sort of post trial motion or post sentencing motion. So our record ends. Whatever has happened during probation is nowhere on the record for this court to look at. And what I would also point out, well, he can certainly talk to his probation officer about his concerns, his fears. First of all, there's nothing that says that the probation officer is empowered to change a court's order. If the court has ordered that he have no unsupervised contact with any unrelated minor, that is the trial court's sentencing order. I don't know of an authority that the probation officer can unilaterally change a trial court's order. Certainly, of course, the probation officer can elect not to note any violations. If the probation officer could see clarification from the court, couldn't he? It sure could. But I think then we're still in that same land of, well, D.J. could petition the court and we'll see if the trial court changes its mind. Probation officer could talk to the court and see if the court would change its mind. I have another question about this. What we're talking about here is a error. You're alleging the trial court committed during the sentencing processes, are you not? Your Honor, are you... ...pronged plain error? Because if so, I must phrase this very carefully based on the Supreme Court's new rulings. The reason I ask is, are all errors committed during the sentencing process by a trial court plain error under structural plain error part two? Certainly not, Your Honor. And I would readily agree that our Supreme Court has clarified, and I apologize, I am trying to look for the language as we speak. Well, let me read it to you. Here is a decision, People v. Johnson, unanimous decision of the Supreme Court from seven months ago, written by Justice Overstreet. Dealing with structural error analysis, and he wrote, structure error is an error of such magnitude that it undermined the framework within which the sentencing hearing proceeded rather than a mere error in the sentencing process itself. Now, it seems to me that Justice Underwood in behalf of a unanimous Supreme Court drew a distinction, a dichotomy between errors, a mere error in the sentencing process itself, as opposed to an error of such magnitude that it undermines the judicial process or whatever the language is, which is pretty dramatic to constitute second prong plain error. Why isn't this, assuming it's error at all, just a mere error in the sentencing process? Your Honor, I think the problem really goes to counsel in this case, because if counsel had clarified with the trial court by contemporaneously objecting or filing a post-sentencing motion, the court could have clarified, oh, I misspoke, and oh, I was assuming that we meant, not the high school locker room, I meant younger children, I didn't, or the court could have clarified, no, I believe that this is an appropriate condition and this is exactly the way I wanted it, I never wanted him to be out of the sight of a teacher while he's in school, and then we would know, we would know- No, this is, you're arguing then that this is an argument essentially why we should find ineffective assistance of counsel, for failure of counsel to raise these points and seek clarification at the sentencing area, is that correct? I think it is, if I may be so bold as to suggest that I can sense the way that the winds are blowing, I believe that an ineffective assistance of counsel would be a wonderful way for this court to reach the merits of my first argument, I think it would be certainly sufficient, and I see that my time for my rebuttal has elapsed. Thank you. Well, again, counsel, you've done a fine job answering my questions and I've taken too much of your time, so if there's some other point you wanted to raise, go ahead. Your Honor, briefly to the second argument, may I just say that while the state has argued that the honor about the body charge was sufficient to put D.J. on notice as to what the state was charging him with, I would argue that we have agreed on appeal, both Ms. O'Connor and I have agreed that it is unclear what the touching was. The court seemed to say arm, although it only said that in the middle of reading the charging document, it actually did not make a finding while finding him guilty that he touched her arm, so that could have just been a misspeaking or it was shoulder or it was hip, it wasn't really testified to a trial, so I don't believe, based on our conversation today, that anyone can say that D.J. was put on sufficient notice or was sufficiently apportioned out what touch was the basis of that count three battery charge. Thank you, Your Honors. Thank you, counsel, and thank you both for your arguments and we asked a lot of questions and you both did a nice job in responding, so the court will take this matter under advisement as you have written this session and due course.